DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Rashoun Smith, ) | |
| ) | CASE NO. 5:09 CV 2099 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| City of Akron, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff's complaint alleging excessive force and violation of 42 U.S.C. § 1983 was initially filed in the Summit County Court of Common Pleas on August 27, 2009, the second anniversary of the events at issue in this case. The state court complaint, which named the City of Akron and John Does, was removed to federal court on September 10, 2009. In the state court complaint, defendant John Does were identified as the Akron Police Officers who participated in the events which form the bases for plaintiff's excessive force claims.

The Court conducted a Case Management Conference on December 2, 2009, and plaintiff, with leave of Court, filed an amended complaint on December 3, 2009. ECF 10. The amended complaint added defendants Akron Police Officers Michael Miles and John Ross, who have moved to dismiss counts 1, 3, 4, 6, 8 and 9 on the grounds that the claims against them are barred by the statute of limitations. ECF 19.[1] Plaintiff has opposed the motion (ECF 21), and defendants Miles and Ross have replied (ECF 22). For the reasons discussed herein, defendants' motion is GRANTED.

---

[1] Defendant City of Akron filed an answer to the first amended complaint. ECF 20.

(5:09 CV 2099)

## I.  FACTUAL BACKGROUND

Plaintiff alleges in the amended complaint that he was being followed by defendants Ross and Miles on August 27, 2007, and stopped the car he was driving to determine why the officers were following him.  According the first amended complaint, plaintiff was beaten, tasered and pepper sprayed by Ross and Miles in this encounter and taken to the Summit County Jail.  Plaintiff was then taken to the Akron General Medical Center for observation, where he spent the night.  The following day, plaintiff was brought back to the Summit County Jail, and then returned to the hospital where plaintiff spent a second night under observation.  The next morning, plaintiff was released on signature bond.  He was charged with driving under a suspended license, resisting arrest, and receiving stolen property.  Plaintiff pled guilty to driving under suspension, and the other charges were dismissed.

## II.  MOTION TO DISMISS

Defendants Ross and Miles were not named in the initial complaint filed in the Summit County Court of Common Pleas.  In that complaint, plaintiff identified the officers involved in the alleged 42 U.S.C. § 1983 violation as John and Jane Doe.  The state court complaint was filed on the two-year anniversary of the events in questions.

Officers Ross and Miles were named in the first amended complaint in lieu of defendants John and Jane Doe.  Ross and Miles have moved to dismiss counts 1, 3, 4, 6, 8 and 9 of the first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's claims against them are barred by the statute of limitations.

2

(5:09 CV 2099)

### III.  LAW AND ANALYSIS

A.      Statute of Limitations

The statute of limitations for a 42 U.S.C. § 1983 action in Ohio is two years.  *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)).  While the state court complaint was filed within the statute of limitations, the amended complaint was filed after two-year statute of limitations had expired.  The issue, therefore, is whether the filing of the amended complaint as to defendants Ross and Miles relates back to the filing of the original state court complaint in order to withstand defendants' 12(b)(6) motion to dismiss.

B.      Federal Rule of Civil Procedure 15(c)

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental proceedings.  Rule 15(c) in particular governs the relation back of amendments to the date of the original pleading, and provides as follows:

> **Rule 15.  Amended and Supplemental Pleadings**
>
> . . . . .
>
> **(c) Relation Back of Amendments.**
>> **(1) When an Amendment Relates Back.**
>> An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>>>
>>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

3

(5:09 CV 2099)

>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a **mistake** concerning the proper party's identity. (Emphasis added.)

In the Sixth Circuit, "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v. State of Tennessee, et al.*, 2008 WL 564946 (C.A. 6 Tenn.) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' is considered a change in parties, not a mere substitution of parties.")).

In this case, the addition of defendants Ross and Miles does not meet the criteria of Rule 15(c) and Sixth Circuit precedent necessary for the addition of these defendants to relate back to the filing date of the original complaint.  Consequently, the Court finds that Counts 1, 3, 4, 6, 8 and 9 against Ross and Miles were filed outside of the two-year statue of limitations for a § 1983 action in Ohio.

## IV.  CONCLUSION

Based on the analysis herein, the Court finds that plaintiff's first amended complaint naming Ross and Miles does not relate back to the filing date of the initial complaint and therefore falls outside the two-year statute of limitations.  As a consequence, plaintiff's claims

4

(5:09 CV 2099)

against Ross and Miles, Counts 1, 3, 4, 6, 8 and 9, fail to state a claim and defendants' motion to dismiss those claims pursuant to Rule 12(b)(6) is GRANTED. Plaintiff's claims against all other defendants remain pending.

    IT IS SO ORDERED.


| | |
|---|---|
|  June 29, 2010 |  *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |